UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COHESITY, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANILO RODRIGUEZ, an individual,<br><br>Defendant. | Civil Action No. 1:26-cv-10526-JDH<br><br>**ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND SCHEDULING ORDER FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

THIS MATTER being brought before the Court by Plaintiff Cohesity, Inc. ("Cohesity"), seeking relief by way of temporary restraining order pursuant to Fed. R. Civ. P. 65, based upon the facts set forth in the Memorandum of Law in Support of Plaintiff's Request for a Temporary Restraining Order and Preliminary Injunction, the Declaration of Chetan Gupta, the Declaration of Robert Mill, and the corresponding exhibits filed therewith; and it appearing that Defendant Danilo Rodriguez ("Defendant") has actual notice of this application and for good cause shown;

1. It is on this ____ day of _____, 2026 **ORDERED** that Defendant appear and show cause before the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, Massachusetts 02210, at ____ o'clock in the _____ or as soon thereafter as counsel can be heard, on the _____ day of _____, 2026 why a Preliminary Injunction should not issue:

    a. Compelling Defendant to return to Cohesity (in a forensically sound manner) any and all of its trade secrets, confidential and proprietary information, and all of its trade secrets, confidential and proprietary information, and all property

and materials, including, but not limited to, any and all materials incorporating or referencing Cohesity's trade secrets or confidential or proprietary information;

b. Compelling Defendant to identify and deliver and/or make available to Cohesity (or provide Cohesity access to) any computer(s), cellphone(s), data storage device(s) (i.e., USB drives, external hard drives, etc.), cloud storage accounts, and/or email folder(s) and/or account(s), that are in Defendant's possession, custody or control: (a) that have ever been used to store non-public files or other confidential and proprietary information and/or trade secrets of Cohesity or its clients or (b) that have ever been used in connection with Cohesity's business.

c. Prohibiting Defendant from destroying, manipulating, or otherwise altering any evidence, including evidence that may reside on (or be embodied by changes to) any computer system, network, or other electronic means of data storage or transfer, relating in any way to the matters alleged in Cohesity's Complaint;

d. Prohibiting Defendant from possessing, copying, publishing, disclosing, transferring, or selling Cohesity's trade secrets and other confidential and proprietary information; and

e. Prohibiting Defendant from using or disclosing Cohesity's trade secrets, confidential and proprietary information, property and materials in any way, including by using such information to solicit Cohesity's customers.

f. Prohibiting Defendant from soliciting, calling on, or in any way working on accounts for the Cohesity customers identified in Cohesity's trade secrets and

confidential and proprietary information taken by Defendant.

2. And it is further **ORDERED** that pending the return date set forth above Defendant is Temporarily Restrained and Ordered as follows:

    a. Defendant is compelled to return to Cohesity (in a forensically sound manner) any and all of its trade secrets, confidential and proprietary information, and all property and materials, including, but not limited to, any and all materials incorporating or referencing Cohesity's trade secrets or confidential or proprietary information;

    b. Defendant is temporarily prohibited from destroying, manipulating, or otherwise altering any evidence, including evidence that may reside on (or be embodied by changes to) any computer system, network, or other electronic means of data storage or transfer, relating in any way to the matters alleged in Cohesity's Complaint;

    c. Defendant is temporarily prohibited from possessing, copying, publishing, disclosing, transferring, or selling Cohesity's trade secrets and other confidential and proprietary information;

    d. Defendant is temporarily prohibited from using or disclosing Cohesity's trade secrets, confidential and proprietary information, property and materials in any way, including by using such information to solicit Cohesity's customers; and

    e. Defendant is temporarily prohibited from soliciting, calling on, or in any way working on accounts for the Cohesity customers identified in Cohesity's trade secrets and confidential and proprietary information taken by Defendant

3. For purposes of this Order, "confidential and proprietary information" shall be consistent with the definition of "Confidential Information" in the Proprietary Information & Confidentiality Agreement which Defendant executed, attached as Exhibit 4 to the Declaration of Robert Mill.

4. And it is further **ORDERED** that:

   a. Defendant may move to dissolve or modify the Temporary Restraining Order contained herein on two (2) days' notice to Plaintiff's attorneys.

   b. The Temporary Restraining Order shall continue in full force and effect unless modified by a further order of this Court.

   c. A copy of this Order, Declarations and legal memorandum submitted in support of Cohesity's Motion may be served upon Defendant, in lieu of personal service, via e-mail, hand-delivery or overnight courier to Defendant or his counsel within ____ days of the date hereof.

   d. Defendant shall file and serve a written response to this Order and the request for entry of injunctive relief and proof of service by _____, 2026.

   e. Cohesity must file and serve any written reply to Defendant's response by _____, 2026.

   f. If Defendant does not file and serve a response to this Order and Cohesity's Motion, the Motion will be decided on the papers on the return date and relief may be granted by default, provided that Cohesity timely files a proof of service and a proposed form of order.

g. The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and parties are advised to the contrary no later than ___ days before the return date.

SO ORDERED,

_____

Magistrate Judge Jessica D. Hedges